UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTIN L. HOLMES,

        Petitioner,

Case No. 2:12-cv-11037

v.

Honorable Patrick J. Duggan

STEVE RIVARD,

        Respondent.

_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND CLOSING CASE

Quintin L. Holmes ("Holmes") is a Michigan prisoner incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. On March 8, 2012, Holmes submitted to the Clerk of this Court a *pro se* motion to hold a habeas petition in abeyance while he pursues state remedies. Holmes did not sign his motion, and he did not pay the filing fee for a habeas action or apply for leave to proceed *in forma pauperis*. More significantly, Holmes does not have a habeas corpus petition pending in this court. In fact, a search of the United States Courts' PACER system reflects that Holmes has not filed a habeas corpus petition in any federal court.

Before the Court can resolve the motion for a stay, Holmes must file a habeas corpus petition and either pay the filing fee for the action or seek leave to proceed *in*

1

*forma pauperis*.[1]  Until then, Holmes' motion is **DENIED WITHOUT PREJUDICE**. In the copy of this Order to be served on Holmes, the Court is enclosing a form petition for the writ of habeas corpus and an application to proceed *in forma pauperis*.  If Holmes intends to seek habeas corpus relief in this court, he must complete and sign the petition and return it for filing.  With the petition, Holmes also must submit the $5.00 filing fee or a signed and completed application for leave to proceed *in forma pauperis*.  This case is closed.

    **SO ORDERED**.

Dated:May 1, 2012                              s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copy to:
Quintin L. Holmes, #582748
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880

---

[1] The Court notes that Holmes' motion fails to provide sufficient information to determine whether "stay and abeyance" is appropriate.  Pursuant to Supreme Court precedent, this procedure should be utilized "only in limited circumstances where the petitioner has shown good cause for his failure to exhaust state remedies." *Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528 (2005)).